# Noble *et al. versus* The Thompson Oil Co. to use, &c.

1. Thompson recovered judgment against Wright, Noble became bail in error for Wright on the removal of the case to the Supreme Court.    Thompson assigned the judgment to Marshall and afterwards a foreign attachment was issued by Woods in New York against Thompson, in which the judgment against Wright was attached, and judgment in the attachment was rendered against Thompson.    The judgment against Wright was afterwards affirmed by the Supreme Court and suit brought against the bail in error. The bail pleaded the attachment in abatement.    *Held,* the bail not being parties to the attachment the plea was not good.

2. The bail were liable for the debt and costs, which could be recovered only by Thompson.

3. If judgment be given for the attaching creditors against Wright as

[Noble *v*. Thompson Oil Co.]

garnishee, the bail can protect himself only by coming into Pennsylvania and claiming payment by substitution to Thompson in this suit.

4. Neither the assignee of Thompson nor the bail are legal plaintiffs; they must claim the intervention of the court on the fund, and may pay the money into court, where the right may be determined between the assignee and attaching creditor.

5. To the plea of the attachment, the plaintiff replied, the assignment of the judgment before the attachment, and that Woods had commenced a suit against Thompson in the Supreme Court of Pennsylvania, for the same cause of action, which was still pending. The defendant demurred; the demurrer was overruled and the defendant ordered to answer over; he made no answer; the case was tried, he protesting. *Held*, that the trial was without an issuable plea, and the judgment was reversed.

6. On the second trial, the defendant pleaded specially that there had been a recovery in the attachment against Wright as garnishee for the amount of the debt recovered by Thompson, which judgment had been satisfied. The court below struck off the plea and gave judgment for want of a plea. *Held* to be error.

7. A payment of the debt by Wright as garnishee in the attachment, if rightfully made, would discharge the bail.

October 16th 1871. Before THOMPSON, C: J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Erie county*: Of October and November Term 1870, No. 71.

This was an action of debt on recognisance of bail in error, by The Thompson Oil Company to the use of S. A. Davenport, John H. Walker, James C. Marshall and Francis F. Marshall, against Orange Noble, L. L. Lamb, Ambrose Snow and Theodore Wright. The writ was issued to December Term 1868, and returned " summoned" as to Orange Noble and L. L. Lamb, and "nihil" as to Ambrose Snow and Theodore Wright.

In the Court of Common Pleas of Erie county, on the 27th of September 1867, a verdict for $26,723.50 was rendered against Ambrose Snow, Joseph S. Burgess, Theodore Wright and W. S. Woods, in favor of the Thompson Oil Company. The defendants removed the record to the Supreme Court, Noble and Lamb being sureties in the recognisance in error. The judgment was affirmed by the Supreme Court, November 18th 1868. This suit having been brought on the recognisance on the 8th of February 1869, Noble and Lamb, the only defendants summoned, pleaded that the debt recovered had been attached in the hands of the defendants in that suit by process out of the Supreme Court of the city of New York, at the suit of The Woods and Wright Oil Company, and Snow and others, the defendants in the Erie county suit, were made garnishees, in which attachment judgment was rendered against The Thompson Oil Company for $56,251.88; that under the laws of New York this judgment was a lien on the debt due by Snow and the other defendants in the Erie county suit; that execution was issued on the judgment in the attachment, and the debt due by Snow and others, and also their individual pro-

[Noble *v.* Thompson Oil Co.]

perty levied on; that on the service of the attachment, on the 1st of February 1868, the garnishees being then ignorant of any assignment of the judgment which had been recovered against them in Erie county, gave notice to the Thompson Oil Company of the attachment; that after the execution on the judgment in the attachment had been issued and levied on their property, and before the suit on the recognisance had been commenced, and before further proceedings had been had in New York, the garnishees gave notice to the Thompson Oil Company and to Conrad Brown, J. C. & F. F. Marshall, John H. Walker & Son, who claimed to be assignees of the original judgment in the Erie Common Pleas, of the proceedings in the New York Supreme Court, and to appear in that court and take such proceedings as might be necessary to protect the garnishees, &c.; that neither the Thompson Oil Company nor their assignees had taken any steps to protect the garnishees; that the garnishees gave the New York court to understand that the debt had been assigned to Brown, the Marshalls and the Walkers, by assignments alleged to have been issued before the attachment; the plaintiffs in the attachment denied that any such assignments had been bonâ fide made, so as to prevail against an attaching creditor. Thereupon the Supreme Court of New York made a decree appointing W. M. Tweed, Jr., receiver of the fund attached, and restraining the garnishees from parting with the fund until the further order of the court; and ordered that a feigned issue be framed between the receiver and the garnishees, to try whether the assignments were good against the attaching creditors, which issue is pending, and in which judgment may be rendered, that the garnishees and the defendants as their sureties in this action on the recognisance, may be compelled to pay the claim recovered in the original suit in Erie county. They therefore prayed judgment, "whether they ought to be compelled to answer further until said attachment be determined."

To this plea the plaintiffs replied:—

1. That the debt recovered in the suit in Erie county had, on the 27th of November 1867, and before the issuing of the attachment, been assigned for a full consideration to the Marshalls, Walker and Brown, and that the Thompson Oil Company had no interest in the said debt.

2. That the Woods & Wright Oil Creek Company had commenced a suit in the Supreme Court of Pennsylvania, which is for the same debt, &c., upon which the attachment was issued, and that the action was still pending in the Supreme Court of Pennsylvania, at the time of the commencement of the attachment suit in New York. The replication concluded to the country.

The defendants demurred to the replication. The court entered

judgment for the plaintiffs on the demurrer, and ordered that the defendants answer over in twenty days. No answer was made, and the plaintiffs obtained a rule to show cause why judgment should not be entered against the defendants for "want of an answer." This rule, with consent of the plaintiff, was discharged on the 2d of December 1869.

On the 7th of April 1870, a jury was called, defendants protesting that there was no issue of fact triable by a jury; the protest being overruled, the defendants took no part in the trial. The jury rendered a verdict for "$54,000, real debt $30,834.81."

Judgment being entered on the verdict, the defendants removed the record to the Supreme Court, and assigned for error:—

1. Ordering the defendants to answer over.

2. Not entering judgment for the defendants on the demurrer.

3. Ordering a jury trial without further disposition of the demurrer, or any other issue appearing on the record than the issue of law.

4. Entering judgment on the verdict.

*G. Shiras*, Jr. (with whom was *B. Grant*), for plaintiffs in error.

*J. C. Marshall* and *J. H. Walker* (with whom was *F. F. Marshall*), for defendants in error.

The opinion of the court was delivered, October 23d 1871, by

AGNEW, J.—Noble and Lamb, the defendants below, were sued by the Thompson Oil Company, in debt, on a recognisance of bail in error for Snow, Burgess, Wright and Woods, defendants, in a judgment obtained against them by the Thompson Oil Company. Before this suit an attachment had been issued out of the Supreme Court of New York, by certain creditors of the Thompson Oil Company, and served on Snow, Burgess *et al.*, the original defendants, to attach the debt, in the judgment recovered by the Thompson Oil Company, against them. That attachment has been pleaded in abatement to suspend the present suit on the recognisance of the bail in error, and is resisted by Messrs. Brown, Marshall and Walker, claiming as assignees of the debt before the attachment in New York.

But, clearly, the plea of attachment can have no such effect, for the present defendants are not parties to the attachment; were not served, and cannot be affected by any judgment which the court of New York shall give in the attachment. They are liable, at all events, for the debt and costs secured by their recognisance, which can be recovered from them only in the name of the Thompson Oil Company. The attaching creditors cannot sue

[Noble v. Thompson Oil Co.]

them, and if judgment be given for those attaching creditors against the original defendants as garnishees, they can protect themselves only by coming into the Pennsylvania court and claiming payment by substitution to the Thompson Oil Company in this suit. These defendants, Noble and Lamb, are not concerned in the contest for the money between the assignees and the attaching creditors; neither are legal plaintiffs, but must claim the intervention of the court upon the fund itself. That is a question of distribution as to whom the fund shall be paid after it is collected. These defendants can protect themselves by payment into court, and an issue between the assignees and attaching creditors will determine the right to the fund. As between them there possibly may be a suspension of judgment until the attachment in New York be determined, but on this point we give no opinion. To implicate these defendants in the attachment proceedings, they must have been served with the writ, so that the jurisdiction and judgment of the Supreme Court of New York could be made effective against them by its process.

It is said the debt, however, has been attached and, therefore, they are implicated. This is a mistake, their debt has never been attached. The debt they owe is the penal sum in their recognisance, which has not been attached. The recognisance, it is true, is conditioned for the payment of the debt of the original defendants, with costs, upon their failure to prosecute their writ of error with effect. But that debt and costs are the measure only of the liability of these defendants, and are not the debts of these defendants, who can become fixed for the penalty of their recognisance only on showing the non-performance of its conditions.

The recognisance is, therefore, a distinct ground or cause of action, which must be attached, with service on them to make a plea of attachment available either in abatement or in bar.

And even had they been served the plea would be bad according the opinion of Justice Strong in Brown v. Scott, 1 P. F. Smith 362 : "It neither abates nor bars an action (he says), and pleading it can have no other effect than giving notice of the claim of the attaching creditor, and to enable the court to mould the judgment and protect the rights of the parties."

But this judgment must be reversed on the ground of a mistrial. When the court overruled the demurrer of the defendants to the replication of the plaintiffs to their plea of the pending foreign attachment, it left the cause standing upon immaterial issues. The plea in abatement, we have seen, was itself bad, and the replication to it, that the debt had been assigned by the plaintiff to Messrs. Brown et al., was not material to the cause.

Nor was it a material issue to the defendants that the New York attaching creditors of the Thompson Oil Company had

commenced a previous suit in Pennsylvania for their debts. The result was that the case was tried without any issuable plea on the part of these defendants; and as it was tried against their protest, entered upon the record, no presumption of waiver or acquiescence can be made against them, while the issues presented by the plaintiff's double replication were immaterial to the case. The judgment is therefore reversed, the plea and replication thereto are stricken from the record, and a *procedendo* awarded.

On the return of the record by a remittitur from the Supreme Court, the plaintiffs on the 31st of October 1871, took a rule on the defendants to plead in fifteen days or judgment. November 10th, the defendants pleaded, "nil debet and payment, &c." November 29th, on leave, the defendants withdrew their plea. On the same day the defendants Noble and Lamb pleaded the attachment, &c., substantially the same plea as that pleaded before the reversal. On the 2d of January 1872, this plea was stricken off; the plea "nil debet and payment, &c.," was same day entered by the court; and Theodore Wright, one of the defendants not served, asked to enter his appearance in the case; February 27th, leave granted to "Wright to appear without prejudice to the rights of either party and without any right to continuance by reason of said appearance, and said defendant required to plead during this day." On the same day the court struck off the plea of "nil debet and payment, &c.," without consent of defendants' attorneys. Same day Wright filed a special plea, averring that the debt had been attached by process from the Supreme Court of New York, &c., as set out in former special plea; and that in the issue directed between Tweed the receiver and the garnishees, the plaintiffs recovered a judgment of $30,334.11 against the garnishees; on which judgment and execution was issued," by means whereof the said judgment became and was entirely satisfied." On the same day the plea was stricken off by the court. The case being on the trial list, March 5th 1872, judgment was on motion entered against Noble, Lamb and Wright for want of a plea, the defendants' counsel protesting; the judgment was liquidated at "$54,000, real debt $33,894.66."

The defendants took out a writ of error and assigned for error:

1. Striking off the plea.

2. Entering judgment for want of a plea.

The case was heard by the Supreme Court, October 26th 1872, before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

*G. Shiras, Jr.,* and *G. W. Biddle,* for plaintiffs in error.

*J. C. Marshall* and *J. H. Walker,* for defendants in error.

[Noble v. Thompson Oil Co.]

The opinion of the court was delivered, November 4th 1872, by AGNEW, J.—The court below erred in striking off the plea in this case. In effect the plea alleged a legal recovery and satisfaction of the debt, for which the recognisors in this case were liable on their recognisance as bail in error. If Wright, the principal in the recognisance, with Snow and other defendants in the original judgments for which Noble and Lamb became liable as bail in error, paid that judgment as garnishees in an attachment of plaintiff's debt, clearly the payment is so far a defence to the bail in error. This being the substantial averment of the plea which the court struck off, they were precluded from any defence arising out of the alleged satisfaction of the debt for which they were liable. This is a very different thing from pleading the pending attachment in abatement or suspension of the suit against themselves before payment of the debt. As we stated when this case was here last year, the remedy of Noble and others, the only defendants in this action, was to pay the money into court and leave the controversy between the attaching creditors and the persons claiming by assignment prior to the service of the attachment, to be pursued between themselves. It was a contract in which Noble and Lamb then had no interest. But the subsequent payment of the debt by their principals, the defendants in the original judgment, operates as a discharge, if rightfully made. If their principals have paid it, they should not be called on to pay it a second time. The court, therefore, ought not to have stricken off the plea, but to have put the plaintiffs to their replication, in which they had a right to set up an assignment of the debt before attachment and notice thereof, to show that the payment was made by the garnishees in their own wrong. This would have raised the real question in the cause as to the effect of the judicial proceedings in New York upon the assignors, who were citizens of Pennsylvania, a question upon which it would be improper now even to intimate an opinion.

The order of the court below striking off the special pleas of Wright and the other defendants is reversed, the plea restored and *procedendo* awarded.